THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROGER A. BYRD, Defendant-Appellee.

Fourth District No. 4—90—0804

Opinion filed June 26, 1991.

Richard J. Ringhausen, State's Attorney, of Jerseyville (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

S. Russell Meyer, of Alton, for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Defendant Roger A. Byrd was charged with driving under the influence of drugs, alcohol, or a combination thereof (DUI), and driving with a breath-alcohol concentration of 0.10 or more. (Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501(a)(4), (a)(1).) The trial court granted defendant's motion to suppress the result of defendant's breath test. The State appeals from and we reverse the suppression order.

On April 29, 1990, two officers of the Grafton police department stopped at Cassen's Bait Shop to use the restroom. As the officers were leaving, they observed a pickup truck driven by the defendant back into another vehicle in the parking lot. As Officer Jones approached the defendant, he noticed that defendant was staggering and smelled strongly of alcohol. The defendant failed a field-sobriety test. After Officer Jones gave defendant the standard motorist's warning (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(c)), defendant

470

consented to a breath test. The test disclosed an alcohol concentration of 0.17. Officer Jones issued two citations and retained the defendant's license.

The cause proceeded to a hearing where the statutory summary suspension of defendant's license was rescinded. At a later hearing, defendant moved to suppress the results of the breath test because he was apprehended on private property. The trial court granted defendant's motion, reasoning that defendant was misadvised as to the consequences of his refusal to take a breath test.

 On appeal, the State contends that the trial court erred in suppressing the breath-test result because, in a DUI prosecution, a trial court is not required to determine whether the defendant voluntarily consented to the test. We agree.

Prior to 1982, section 11—501(c)(3) of the Illinois Vehicle Code (Vehicle Code), provided that "[e]vidence based upon a chemical analysis of blood, urine, breath or other bodily substance shall not be admitted unless such substance was procured and such analysis made with the consent of the person as provided by this Chapter." Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(c)(3).

In *People v. Todd* (1975), 59 Ill. 2d 534, 322 N.E.2d 447, our supreme court criticized the consent requirement of section 11—501 and recognized that police officers may constitutionally seize bodily substances from a defendant when probable cause is present and the evidence may quickly dissipate:

> "This is an unfortunate result and a cruel anomaly. Since *Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826, it is clear that a compulsory blood test does not violate any constitutional rights of an individual merely because he objected to such tests. Further, the absence of a formal arrest may not taint a limited search, given probable cause and evidence that may dissipate. (See *Cupp v. Murphy* (1973), 412 U.S. 291, 36 L. Ed. 2d 900, 93 S. Ct. 2000.) A number of cases, dealing specifically with the question of blood tests and the removal of blood from a person without consent, have upheld the constitutional right to do so even where the person was unconscious and, in some cases, without a formal arrest so long as probable cause is present. [Citations.]
>
> Thus, absent a more limiting statutory provision, the taking of a blood sample does not require the consent of the donor." (*Todd*, 59 Ill. 2d at 544-45, 447 N.E.2d at 453.)

As the consent requirement of section 11—501 was abolished by the General Assembly effective January 1, 1982 (Pub. Act 82—311, §1,

eff. Jan. 1, 1982 (1981 Ill. Laws 1734, 1735)), this statute no longer provides a restriction on compulsory tests of bodily substances.

This court has also recognized that compulsory testing would be permissible under *Schmerber* absent a statutory limitation. (*People v. Frazier* (1984), 123 Ill. App. 3d 563, 463 N.E.2d 165.) In *Frazier*, this court interpreted a prior codification of section 11—501.1(c) of the Vehicle Code which provided, "if a person under arrest refuses upon the request of a law enforcement officer to submit to a test *** none shall be given." (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(c).) This court concluded that section 11—501.1(c) expressed "the legislature's decision to prohibit involuntary blood and breath tests, though they would be constitutionally permissible under *Schmerber v. California.*" *Frazier*, 123 Ill. App. 3d at 566, 463 N.E.2d at 168.

Like the consent requirement set forth in prior codifications of section 11—501, the prohibition on involuntary blood and breath tests prescribed in section 11—501.1(c) has been legislatively abolished. The current codification of section 11—501.1 articulates the civil consequences of a refusal to submit to testing, but in no way suggests that consent is a requirement for the admissibility of test results in a DUI prosecution. See Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1.

In the absence of any statutory limitations, we need only determine whether the administration of a breath test without the defendant's informed consent ran afoul of constitutional safeguards. Warrantless and involuntary tests of bodily substances do not violate any constitutional rights so long as the search is supported by probable cause, the evidence is of an evanescent nature, and the means and procedures employed in taking the substance are reasonable. (See *Cupp v. Murphy* (1973), 412 U.S. 291, 36 L. Ed. 2d 900, 93 S. Ct. 2000; *Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826; *People v. Todd* (1975), 59 Ill. 2d 534, 322 N.E.2d 447.) In the instant case, the record reveals sufficient probable cause to support the use of a breath test. Two police officers observed the defendant back his truck into a parked vehicle. When the defendant exited his truck, he staggered and smelled strongly of alcohol. Further, the evidence is evanescent in nature. Alcohol in the bloodstream of a DUI suspect begins to dissipate shortly after drinking stops. There is no time to seek out a magistrate and secure a warrant. (*Schmerber*, 384 U.S. at 770-71, 16 L. Ed. 2d at 920, 86 S. Ct. at 1836.) Finally, a breathalyzer test is a minimal intrusion and a reasonable means to measure a suspect's blood-alcohol level.

We conclude that defendant's consent, informed or otherwise, was not statutorily or constitutionally required for the arresting officer to

472

administer a breath test. Therefore, the trial court's order suppressing the results of the breath test because the defendant was misadvised as to the consequences of refusal was manifestly erroneous.

Reversed.

STEIGMANN and KNECHT, JJ., concur.