THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT AYRES et al., Defendants-Appellees.

Third District   Nos. 3—91—0450, 3—91—0537 cons.

Opinion filed April 30, 1992.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin, Robert M. Hansen, and Nancy Rink Carter, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Joseph C. Polito, of Joseph C. Polito, Ltd., of Joliet, for appellee Robert W. Ayres.

James R. Brumund, of Brumund, Belom, Jacobs & Singer, of Joliet, for appellee Robert Brockett.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendants, Robert Ayres and Robert Brockett, were charged with driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501). Both defendants took breathalyzer tests and thereafter filed motions to suppress the test results in their separate DUI proceedings. The trial court granted the motions, finding in each case that the defendant's consent to the breathalyzer test was involuntary. The State appeals both cases. This court ordered the consolidation of these appeals because they raise a common claim. We now reverse the trial court's suppression orders.

Both cases involve situations where the defendants were driving vehicles on a private parking lot when they struck other automobiles. In both cases, they were given the standard motorist's warning (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(c)) and each consented to a breathalyzer test. The tests disclosed blood-alcohol concentrations of .23 in Ayres and .10 in Brockett.

The statutory summary suspensions of defendants' driver's licenses were rescinded by the trial court following hearings based on the fact that the implied consent statute is inapplicable to individuals who drive on private property. See *People v. Kissel* (1986), 150 Ill. App. 3d 283, 501 N.E.2d 963.

In *Kissel*, the court held that the legislature has limited the application of the implied consent statute solely to persons who drive or have physical control of motor vehicles *upon public highways*. The court found the implied consent statute was not applicable to cases where the evidence was undisputed that the accused was only observed driving upon a privately owned parking lot. However, in *Kissel*, the court noted that DUI could be committed upon private property because the legislature had not limited the DUI statute solely to public highways.

In the instant appeals, it was undisputed that both defendants were only observed driving on privately owned parking lots. Therefore, based on these facts, we find the trial court was correct in rescinding the summary suspension orders because the implied consent statute did not apply to either defendant.

Thereafter, during the DUI proceedings, the defendants filed motions to suppress evidence. The trial court granted the defendants' motions and suppressed the breathalyzer results. The trial court, in

granting the motions, found that the defendants had been misadvised by the police concerning the legal consequences of their refusal to take the breathalyzer tests. The trial court noted the defendants were not advised by the police: (1) that the implied consent statute did not apply to driving on private property, and (2) if they refused to take the breathalyzer test, there would be no adverse consequences resulting from the refusal.

On appeal, the State contends that the trial court erred in suppressing the breathalyzer test results. The State argues that in a DUI prosecution the trial court is *not* required to determine whether the defendant voluntarily consented to the test. We agree.

■ Voluntary consent is *not* a prerequisite to the admissibility of breathalyzer results in a DUI prosecution. A reviewing court need only determine whether the administration of a breath test without the defendant's informed consent ran afoul of constitutional safeguards. A warrantless and involuntary test of an individual's bodily substances does not violate any constitutional right so long as the search was supported by probable cause, the evidence was of an evanescent nature, and the means and procedures employed in taking the substance were reasonable. *People v. Byrd* (1991), 215 Ill. App. 3d 468, 574 N.E.2d 1269. See also *People v. Franciskovich* (1990), 202 Ill. App. 3d 693, 560 N.E.2d 19; *People v. Giere* (1989), 192 Ill. App. 3d 520, 548 N.E.2d 1104; *People v. Todd* (1975), 59 Ill. 2d 534, 322 N.E.2d 447.

In *Byrd*, the court observed that "[p]rior to 1982, section 11–501(c)(3) of the Illinois Vehicle Code (Vehicle Code), provided that '[e]vidence based upon a chemical analysis of blood, urine, breath or other bodily substance shall not be admitted unless such substance was procured and such analysis made with the consent of the person as provided by this Chapter.' " (*Byrd*, 215 Ill. App. 3d at 470, 574 N.E.2d at 1270, quoting Ill. Rev. Stat. 1981, ch. 95½, par. 11–501(c)(3).) The court further observed that the consent requirement of section 11–501 was abolished by the General Assembly effective January 1, 1982. Therefore, the court reasoned that the statute no longer provided a restriction on compulsory tests of bodily substances. Finally, the *Byrd* court concluded that while the current codification of section 11–501.1(c) articulates the civil consequences of a refusal to submit to testing, it in no way suggests that consent is a necessary requirement for the admissibility of the test results in a DUI prosecution.

We are aware that our adoption of the law and reasoning in the cases cited above may conflict with some of our prior decisions, spe-

cifically, *People v. Monckton* (1989), 191 Ill. App. 3d 106, 547 N.E.2d 673.

In *Monckton*, this court found that the legislature's enactment of section 11—501.1(c) reflected its desire to prohibit involuntary blood and breath tests in DUI proceedings as well as in statutory summary suspension proceedings. We note, however, as was correctly pointed out in *Byrd*, that section 11—501.1(c) is *separate and distinct* from section 11—501. Therefore, we find the consent necessary for a proceeding under section 11—501.1(c) is *irrelevant* to proceedings conducted pursuant to section 11—501. To the extent that *Monckton* can be read to the contrary, it is hereby overruled.

■ We find, based on our review of the record, that sufficient probable cause exists to support the use at trial of the breathalyzer tests. The police officers in each case determined that the defendants had caused accidents while driving under the influence of alcohol. We note that the evidence was evanescent in nature because alcohol in a DUI suspect's blood begins to dissipate shortly after the individual stops consuming alcohol. There is no time to seek out a magistrate to obtain a search warrant. (*Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826.) Finally, we conclude that the breathalyzer tests required by Illinois law are minimally intrusive and a reasonable means to measure a suspect's blood-alcohol level. Just as the court concluded in *Byrd*, we find "that defendant's consent, informed or otherwise, was not statutorily or constitutionally required for the arresting officer to administer a breath test." (*Byrd*, 215 Ill. App. 3d at 471-72, 574 N.E.2d at 1271.) Accordingly, we hold the trial court erred in suppressing the use of the breathalyzer tests in the DUI proceedings.

For the reasons indicated, the judgments of the circuit court of Will County are reversed.

Reversed.

GORMAN and HAASE, JJ., concur.