THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CHRISTOPHER COFFIN, Defendant-Appellee.

First District (4th Division)   No. 1—98—2885

Opinion filed June 3, 1999.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Alan J. Spellberg, Assistant State's Attorneys, of counsel), for the People.

Rita A. Fry, Public Defender, of Chicago (Pamela Leeming, Assistant Public Defender, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

Following a car accident, the defendant, Christopher Coffin, was charged with failing to reduce the speed of his vehicle to avoid an accident (625 ILCS 5/11—601(a) (West 1996)) and driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West Supp. 1997)).[1] Prior to trial, the defendant brought a motion *in limine* seeking to prevent the State from entering into evidence the result of a blood-alcohol content (BAC) test that was performed while he was receiving treatment in the emergency room at a hospital shortly after the accident occurred. The trial court granted his motion, and the State has appealed.

On September 17, 1997, the defendant caused a car accident when he rear-ended a vehicle that was stopped in traffic. Rolling Meadows police officer S. Sowinski arrived at the scene and observed that the defendant had "slurred/mumbled speech, glassy/bloodshot eyes and poor balance." The defendant failed the field sobriety tests and refused to take a breathalyzer test. According to the record, the defendant was warned that his refusal to submit to a BAC test would result in the summary suspension of his driving privileges. The defendant was then arrested and taken to the police station.

While at the station, the defendant complained of abdominal pain. As a result, he was transported to the emergency room at a nearby hospital. In the emergency room, the defendant was handcuffed to a rail, and Officer Sowinski remained at his side while he received medical assistance. The officer again asked the defendant if he would submit to a breathalyzer, blood, or urine test, but the defendant refused. During the course of his medical treatment, the defendant consented to have his blood drawn. The result of the BAC test showed that the defendant's blood-alcohol level was 0.116, well over the 0.080 legal limit at the time (625 ILCS 5/11—501 (West Supp. 1997)).

---

[1]At the hearing on the defendant's motion *in limine*, the State made an oral motion to amend the charge that was brought against the defendant from driving under the influence of alcohol (625 ILCS 5/11—501(a)(2) (West Supp. 1997)), to driving with a blood-alcohol level of 0.080 or greater (625 ILCS 5/11—501(a)(1) (West Supp. 1997)). The trial court found that this constituted a substantive change, but determined that the defendant would not be prejudiced by the amendment. Following its ruling on the motion *in limine*, the trial court granted the State leave to amend its complaint.

The Secretary of State subsequently sent the defendant a notice confirming the summary suspension of his driver's license under section 11—501.1 of the Illinois Vehicle Code (Code) (625 ILCS 5/11—501.1 (West Supp. 1997)). Nothing in the record indicates that the defendant sought to rescind the suspension of his license.

Prior to his DUI trial, the defendant brought a motion *in limine* seeking to preclude the State from introducing into evidence the result of the BAC test that was taken at the hospital. At the hearing on his motion, the defendant argued that, under *People v. Wisbrock*, 223 Ill. App. 3d 173, 584 N.E.2d 513 (1991), the State was judicially estopped from introducing the blood test result into evidence because the State previously suspended his license for his refusal to take such a test. The defendant stated that his motion was based on the same arguments that were made by the defendant in People v. Schumacher, No. 92 MC 360083 (*Schumacher*), an unpublished memorandum decision previously rendered by the trial court. *Schumacher* was apparently a case with similar facts in which the trial court ruled that the State was judicially estopped from introducing the result of a BAC test at the defendant's DUI trial. Although both parties had a copy of the transcript from the trial court proceedings in *Schumacher*, it is not contained in the record for our review on appeal.

The State argued that the judicial estoppel doctrine was inapplicable because it had not taken an inconsistent position in a prior legal proceeding. The State acknowledged that the defendant's driver's license was previously suspended for his refusal to take a BAC test, as required by section 11—501.1 of the Code (625 ILCS 5/11—501.1 (West Supp. 1997)). However, it claimed that the BAC test result, obtained while the defendant was receiving emergency medical treatment, was admissible as a business record under the exception to the hearsay rule contained in section 11—501.4 of the Code. 625 ILCS 5/11—501.4 (West 1996). The State argued that a defendant's consent is irrelevant under section 11—501.4 (625 ILCS 5/11—501.4 (West 1996)), and therefore it was not seeking to take a contrary position at the defendant's DUI prosecution.

The trial court granted the defendant's motion, stating that all of the factors necessary to apply the doctrine of judicial estoppel had been established in this case. In particular, the trial court found that the State had taken two inconsistent positions by suspending the defendant's license for refusing to take a BAC test, and then later attempting to use the result from the BAC test performed at the hospital to prosecute him for DUI. The State sought leave to file an interlocutory appeal pursuant to Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)), which the trial court granted, and a certificate of impairment is contained in the record.

■ The doctrine of judicial estoppel provides that when a party assumes a certain position in a legal proceeding, that party is estopped from assuming a contrary position in a subsequent legal proceeding. *Department of Transportation v. Coe*, 112 Ill. App. 3d 506, 509, 445 N.E.2d 506, 507-08 (1983). For the doctrine to apply, the following five factors must be present: (1) the party being estopped must have taken two positions; (2) the positions must have been taken in separate judicial or quasi-judicial administrative proceedings; (3) the party must have intended for the trier of fact to accept the truth of the facts alleged in support of the position; (4) the party must have succeeded in asserting the first position and received some benefit from it; and (5) the two positions must be inconsistent. *Wisbrock*, 223 Ill. App. 3d at 175, 584 N.E.2d at 515; *Galena Park Home v. Krughoff*, 183 Ill. App. 3d 206, 208, 538 N.E.2d 1366, 1367 (1989).

In this case, the trial court relied on *Wisbrock*, 223 Ill. App. 3d 173, 584 N.E.2d 513, as controlling authority when it granted the defendant's motion. However, contrary to the trial court, we do not believe that *Wisbrock* is factually similar to the case at bar. In *Wisbrock*, 223 Ill. App. 3d at 174, 584 N.E.2d at 514, the defendant took a breathalyzer test, and the machine issued a result reading " '.11 deficient sample.' " The State considered providing a deficient sample equivalent to refusing to take a breathalyzer test and summarily suspended the defendant's driver's license pursuant to section 11—501.1 of the Code. Prior to trial, the defendant filed a motion *in limine* and argued that the State should not also be allowed to use the result from the breathalyzer test to prosecute him for DUI. The court found that the State took an inconsistent position in the subsequent DUI proceeding and therefore was judicially estopped from using the breathalyzer result to prosecute the defendant for DUI. *Wisbrock*, 223 Ill. App. 3d at 174-75, 584 N.E.2d at 514-15.

Here, the State is not attempting to use the same test result for two conflicting purposes. Instead, the Secretary of State summarily suspended the defendant's driver's license under section 11—501.1 of the Code (625 ILCS 5/11—501.1 (West Supp. 1997)) for his refusal to submit to a BAC test. The State now seeks to use the BAC test result, obtained while the defendant was receiving emergency medical treatment, to prosecute him for DUI under section 11—501 of the Code (625 ILCS 5/11—501 (West Supp. 1997)). Even though the defendant apparently agreed to receive medical treatment while he was in the emergency room, which involved having his blood drawn, his consent was not a prerequisite to the admissibility of the BAC test result at his trial. We, therefore, do not believe that the separate and distinct positions that have been taken by the State are inconsistent.

■ Prior to 1982, section 11—501(c)(3) of the Code provided that " '[e]vidence based upon a chemical analysis of blood, urine, breath or other bodily substance shall not be admitted unless such substance was procured and such analysis [was] made with the consent of the person ***.' [Citation.]" *People v. Byrd*, 215 Ill. App. 3d 468, 470, 574 N.E.2d 1269, 1270 (1991). However, in 1982, the Illinois General Assembly abolished the consent requirement that was previously contained in section 11—501 of the Code (Pub. Act 82—311, eff. January 1, 1982 (amending Ill. Rev. Stat. 1981, ch. 95¹/₂, par. 11—501); 1981 Ill. Laws 1734, 1744). *Byrd*, 215 Ill. App. 3d at 470-71, 574 N.E.2d at 1270. Since that time, Illinois courts have repeatedly held that a defendant's consent to have his blood drawn is not a factor to be considered by the court when determining whether BAC test results are admissible into evidence. See *People v. Ayres*, 228 Ill. App. 3d 277, 279, 591 N.E.2d 931, 932 (1992) (voluntary consent is not a prerequisite to the admissibility of BAC test results in a DUI prosecution); *People v. Yant*, 210 Ill. App. 3d 961, 963-65, 570 N.E.2d 3, 4-5 (1991) (there is no statutory requirement of consent before BAC test results may be admitted in a DUI prosecution); *People v. Giere*, 192 Ill. App. 3d 520, 524-25, 548 N.E.2d 1104, 1107 (1989) (nothing in either section 11—501 or section 11—501.1 requires consent before a BAC test may be admitted into evidence in a DUI prosecution). Furthermore, although "[t]he current codification of section 11—501.1 articulates the civil consequences of a refusal to submit to [BAC] testing, *** [it] in no way suggests that consent is a requirement for the admissibility of [BAC] test results in a DUI prosecution." *Byrd*, 215 Ill. App. 3d at 471, 574 N.E.2d at 1271. Rather, the admissibility of a BAC test result obtained from blood drawn while a defendant is receiving medical treatment is governed by section 11—501.4 of the Code. 625 ILCS 5/11—501.4 (West 1996).

■ Under section 11—501.4(a), the result from a blood test performed for the purpose of determining an individual's BAC level and conducted upon persons receiving medical treatment in a hospital emergency room is admissible in evidence as a business record exception to the hearsay rule, if the following criteria are established:

"(1) the chemical tests performed upon an individual's blood were ordered in the regular course of providing emergency medical treatment and not at the request of law enforcement authorities;

(2) the chemical tests performed upon an individual's blood were performed by the laboratory routinely used by the hospital; and

(3) results of chemical tests performed upon an individual's blood are admissible into evidence regardless of the time that the records were prepared." 625 ILCS 5/11—501.4(a) (West 1996).

■ In this case, it is undisputed that the blood was drawn from the defendant while he was receiving emergency medical treatment. It is also undisputed that the blood was drawn at the request of the treating physician and not Officer Sowinski. The laboratory report indicates that the defendant's blood was tested in the hospital's laboratory and that the test was performed by the director of the laboratory, who was also a medical doctor. The report further indicates that the record was prepared on the same day that the blood was drawn from the defendant. Assuming there is no other reason to exclude the BAC test result from being introduced at the defendant's trial, we believe that it may be properly admitted into evidence under section 11—501.4 of the Code. 625 ILCS 5/11—501.4 (West 1996).

Accordingly, the order of the circuit court granting the defendant's motion *in limine* is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Order reversed; cause remanded.

WOLFSON and HALL, JJ., concur.