THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH JOHNSON, Defendant-Appellant.

Third District   No. 82—847

Opinion filed June 24, 1983.

Robert Agostinelli and Pamela A. Peters, both of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

On August 12, 1982, the defendant, Kenneth Johnson, was charged with driving while license suspended in violation of section 6—303 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 6—303). The defendant waived a jury trial and stipulated that at the time and place in question, he was operating a motor vehicle upon a public roadway. The State presented evidence that on August 12, 1982, defendant did not have a valid driver's license due to an order of suspension entered on September 14, 1979. The 1979 suspension had been extended to July 9, 1982, pursuant to a notice of extension which was mailed to the defendant in 1980.

The defendant moved for dismissal based on the fact that he was not given adequate notice that his license had been suspended. The trial court denied the motion, found the defendant guilty and sentenced him to 14 days in jail.

On appeal, the defendant argues that the State failed to prove beyond a reasonable doubt that he was guilty of driving while license suspended. We agree.

The only two factors necessary to establish a violation of section 6—303 are that the defendant was driving a motor vehicle on a public highway and, that at the time, the defendant's driver's license was suspended or revoked. The defendant stipulated to the fact that he was driving on a public highway. As to the second factor, the State offered into evidence a certificate from the Secretary of State which declared that on August 12, 1982, the defendant did not have a valid driver's license. Attached to the certificate was an order of suspension entered on September 14, 1979, which did not specify a period of suspension.

The defendant's evidence consisted of a notice of extension issued by the Secretary of State on February 21, 1980, which informed the defendant that the suspension of his driving privileges had been extended to July 9, 1982. We believe that this evidence adequately proved that as of July 9, 1982, the defendant's license was no longer suspended.

The State argues that the notice of extension was irrelevant because the defendant did not take measures to have his license reinstated after July 9, 1982. Therefore, the defendant's license was still suspended as of August 12, 1982.

The major flaw in the State's argument is that the cases cited in support of the proposition that there is no automatic restoration of driving privileges all refer to license revocation rather than suspension. When a person's driver's license has been revoked, he may not be issued another license until the provisions of section 6—208 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 6—208) have been complied with. In addition, the holder of a revoked license must also pay a reinstatement fee as specified in section 6—209 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 6—209).

■ The holder of a suspended license must also pay a reinstatement fee in order to have his license returned. But because Illinois law defines a suspension as a temporary sanction for a period specifically designated by the Secretary of State, failure to pay the fee does not extend the period of suspension. Ill. Rev. Stat. 1981, ch. 95½, par. 1—204.

■ Although the defendant may have been driving without a valid license in his possession on August 12, 1982, in violation of section 6—112 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 6—112), the period of suspension had terminated on July 9, 1982. Therefore, we hold that the State failed to prove beyond a reasonable doubt that the defendant was guilty of driving while his license was suspended. The judgment of the circuit court of Whiteside County is reversed.

Reversed.

STOUDER, P.J., and ALLOY, J., concur.