NO. 4-96-0511

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellant, ) Circuit Court of

v. ) Coles County

TAMARA L. GARBO, ) No. 96TR2257

Defendant-Appellee. )

) Honorable

) Dale A. Cini,

) Judge Presiding.

_________________________________________________________________

JUSTICE McCULLOUGH delivered the opinion of the court:

The State appeals pursuant to Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)) from the order of the circuit court of Coles County dismissing its information charging defendant Tamara L. Garbo with the offense of driving while her license was suspended in violation of section 6-303(a) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/6-303(a) (West 1994)).  The information was dismissed for failure to state an offense.  725 ILCS 5/114-1(a)(8) (West 1994).  We affirm.

The information alleged that, in driving or being in actual physical control of a motor vehicle on February 22, 1996, defendant was driving while license suspended because her driver's license had been suspended for a statutory summary suspension violation of section 11-501.1 of the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11-501.1) and the suspension was to be in effect until March 11, 1991, but because defendant had failed to pay the reinstatement fees, the suspension remained in effect on February 22, 1996.  In 
People v. Johnson
, 115 Ill. App. 3d 987, 989, 451 N.E.2d 28, 30 (1983), the court stated that a suspension is a temporary sanction for a specified period and failure to pay the reinstatement fees did not extend the period of suspension.  See 625 ILCS 5/1-204 (West 1994).  The State argues that the legislature's enactment of section 6-208.1 of the Vehicle Code (625 ILCS 5/6-208.1 (West 1994)) after the decision in 
Johnson
 indicated a legislative intent to extend the statutory summary suspension unless the reinstatement fees had been paid.  We disagree.

The portion of section 6-208.1 upon which the State relies is subsection (c), which states:

"(c) Full driving privileges may not be restored until all applicable reinstatement fees, as provided by this Code, have been paid to the Secretary of State and the appropriate entry made to the driver's record."  625 ILCS 5/6-208.1(c) (West 1994).

The reinstatement fee for summary suspension under section 11-501.1 of the Vehicle Code is $60.  625 ILCS 5/6-118(b) (West 1994).  Upon payment of the reinstatement fee at the end of any period of suspension, the licensee is entitled to reinstatement of driving privileges and return of her license if (1) the license has not expired, in which case the licensee may apply for a new license or (2) the licensee is not ineligible for some other reason.   625 ILCS 5/6-209 (West 1994).  Section 6-209 of the Vehicle Code has remained unchanged since 
Johnson
.  Section 6-303(b) of the Vehicle Code allows the Secretary of State (Secre­tary) to extend the period of suspension upon receiving a report of conviction of any violation for operating a motor vehicle during the time the driver's license is suspended.  625 ILCS 5/6-303(b) (West 1994).  Therefore, if the legislature intended that the failure to pay reinstatement fees should effectively extend the period of suspension, the legislature could have so stated.  

"The cardinal rule of statutory construc­tion is to ascertain and give effect to the true intent and meaning of the legislature.  
State Farm Fire & Casualty Co. v. Yapejian
, 152 Ill. 2d 533, 540-41, 605 N.E.2d 539, 542 (1992).  The language of the statute is the best indicator of that intent, and aids for construing a statute will only be resorted to if the language of the statute is not clear.  
Solich v. George & Anna Portes Cancer Preven­tion Center of Chicago, Inc.
, 158 Ill. 2d 76, 81, 630 N.E.2d 820, 822 (1994)."  
Randall v. Wal-Mart Stores, Inc.
, 284 Ill. App. 3d 970, 972, 673 N.E.2d 452, 454-55 (1996).

The State argues that the fact section 6-208.1 of the Vehicle Code was enacted after the decision in 
Johnson
 indicates a legisla­tive intent to change the law.  The legislature is presumed to know the construction courts have placed on a statute (see 
Hupp v. Gray
, 73 Ill. 2d 78, 86, 382 N.E.2d 1211, 1215 (1978)), and had the legisla­ture intended to change the law it is likely that section 6-209 would have been amended to reflect that intention and that the new section 6-208.1(c) would not have used language similar to then-existing section 6-209.

The State also argues that 
Johnson
 does not state the law here because it is based on the definition of suspension contained in section 1-204 of the Vehicle Code, and section 6-208.1 relates to "statutory summary suspension."  However, a statutory summary suspension is merely a type of suspension, and the fact it fits the definition of suspension in section 1-204 is obvious from the specifically designated periods of temporary withdrawal by formal action of the Secretary of a person's license or privilege to operate a motor vehicle on public highways set forth in sections 6-208.1(a)(1) through (a)(4) of the Vehicle Code (625 ILCS 5/6-208.1(a)(1) through (a)(4) (West 1994)).

The State's final argument is that this court should give deference to the Secretary's interpretation of the statute.  At the hearing on the motion to dismiss, the State introduced a driving abstract from the Secretary certify­ing (1) the defendant's driver's license was suspended for three months on December 18, 1990, pursuant to section 11-501.1 of the Vehicle Code and (2) her license remained suspended on February 22, 1996.

Some deference is afforded an agency's interpretation of a statute the agency is charged with administering and enforcing.  
Stroh Oil Co. v. Office of the State Fire Marshal
, 281 Ill. App. 3d 121, 124, 665 N.E.2d 540, 544 (1996), citing 
City of Burbank v. Illinois State Labor Relations Board
, 128 Ill. 2d 335, 345, 538 N.E.2d 1146, 1149 (1989).  However, the construction of a statute is a question of law considered 
de
 
novo
 by a court of review.  
Boaden v. Department of Law Enforcement
, 171 Ill. 2d 230, 237, 664 N.E.2d 61, 65 (1996).  While a court may give some deference to the agency's construction of an ambiguous statute, the courts are not bound by an erroneous construction.  
Boaden
, 171 Ill. 2d at 239, 664 N.E.2d at 65.  Moreover, section 6-208.1(c) of the Vehicle Code is not an ambiguous statute.  It simply does not say what the State wants it to say.

We further note that section 6-115 of the Vehicle Code (625 ILCS 5/6-115 (West 1994)) states, in sub­stance, every driver's license issued shall expire four years from the date of its issuance and, with certain excep­tions, five years from the date of issuance.  Expiration dates for persons over 81 years of age are also shortened.  Section 6-115(e) provides that the Secretary may decline to process a renewal of any person "who has not paid any fee or tax due under this Code."  625 ILCS 5/6-115(e) (West 1994).

In this case, under any scenario, the defendant, on the date of her arrest, February 22, 1996, did not have a valid driver's license.  The license, which had been suspended to March 11, 1991, had long expired.

The present provisions of section 6-208.1(c) of the Vehicle Code are consistent with 
Johnson
 because they speak of not "restoring full driving privileges" until a reinstatement fee is paid.  625 ILCS 5/6-208.1(c) (West 1994).  The reference to "full driving privileges" implies the existence of driving privileges that are less than full.  That is the status of the driving privileges of defendant here, as was the case in 
Johnson
.  As the suspension period had terminated here, as in 
Johnson
, the defendant could drive a motor vehicle without being guilty of driving under suspension but may have violated some other provision of the Vehicle Code (see 625 ILCS 5/6-601(c)(2), 6-112 (West 1994)).

The defendant may have been driving without a valid driver's license (625 ILCS 5/6-101(a) (West 1994)), but defendant was not driving while her license was suspended since the period of suspension had terminated on March 18, 1991.  The judgment of the circuit court of Coles County is affirmed.

Affirmed.

GARMAN and GREEN, JJ., concur.