THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SIMON MARTINEZ, Defendant-Appellant.

Second District    No. 2—96—0912

Opinion filed January 27, 1998.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Following a stipulated bench trial, defendant, Simon Martinez, was convicted of driving while his license was suspended (625 ILCS 5/6—303(a) (West 1996)) and was sentenced to one year of court supervision and a $150 fine. He appeals his conviction, contending that the State failed to prove beyond a reasonable doubt that his license was suspended at the time of the offense. We affirm.

At trial, defendant stipulated to the following evidence. Defendant was driving a vehicle on January 8, 1996, when he was stopped by the police. Defendant's privilege to operate a motor vehicle had been summarily suspended on August 17, 1995. The length of the suspension was three months, and the provisional reinstatement date was November 17, 1995. Defendant failed to pay the reinstatement fee and, as a result, the suspension was still in force on January 8, 1996.

On appeal, defendant contends that he was not guilty of the offense because his license was no longer suspended on January 8, 1996. According to defendant, the failure to pay the reinstatement fee did not extend the suspension period beyond November 17, 1995. The facts are undisputed and the only issue on appeal involves the interpretation of a statute. Because the construction of a statute is a question of law, our review is *de novo. People v. Robinson*, 172 Ill. 2d 452, 457 (1996).

■ To determine whether defendant's license was suspended, we must analyze the relevant sections of the Illinois Vehicle Code (Code) (625 ILCS 5/1—100 *et seq.* (West 1996)). The primary rule of statutory interpretation is to ascertain and give effect to the legislative intent. *People v. Britz*, 174 Ill. 2d 163, 196 (1996). To determine that intent, we first look to the language of the statute, which is given its plain and ordinary meaning. *People v. Haynes*, 174 Ill. 2d 204, 222 (1996). We must also consider all parts of the statute together (*People v. Warren*, 173 Ill. 2d 348, 357 (1996)) and, where possible, give every word or phrase some reasonable meaning (*Opyt's Amoco, Inc. v. Village of South Holland*, 149 Ill. 2d 265, 277 (1992)). Criminal statutes are construed strictly in favor of the defendant, and courts should take nothing by intendment or implication beyond the obvious or literal meaning of the statute. *People v. Woodard*, 175 Ill. 2d 435, 444 (1997).

Defendant relies on *People v. Garbo*, 288 Ill. App. 3d 519, 521 (1997), in which the Appellate Court, Fourth District, interpreted section 6—208.1 of the Code (625 ILCS 5/6—208.1 (West 1996)) as not providing for the extension of the suspension upon the failure to pay the reinstatement fee. *Garbo* relied on *People v. Johnson*, 115 Ill. App. 3d 987, 989 (1983), in which the appellate court ruled that, under section 1—204 (625 ILCS 5/1—204 (West 1996)), because a suspension is a temporary sanction, the failure to pay the fee does not extend the period of the suspension. *Johnson* distinguished license suspensions from license revocations. *Cf. People v. Morrison*, 149 Ill. App. 3d 282, 284 (1986) (license remains revoked until license holder pays reinstatement fee).

■ *Johnson* predates the legislative amendments to the Code adding sections 1—203.1 and 6—208.1 (625 ILCS 5/1—203.1, 6—208.1 (West 1996)). Defendant's license was suspended pursuant to section 6—208.1. Under section 6—208.1(a), a person whose privilege to drive a motor vehicle has been summarily suspended is not eligible for restoration of the privilege until the expiration of a certain period. 625 ILCS 5/6—208.1(a) (West 1996). Section 6—208.1(c) provides that "[f]ull driving privileges may not be restored until all applicable rein-

statement fees *** have been paid to the Secretary of State and the appropriate entry made to the driver's record." 625 ILCS 5/6—208.1(c) (West 1996).

The summary alcohol- or drug-related suspension of a driver's privileges is "[t]he withdrawal by the circuit court of a person's license or privilege to operate a motor vehicle on the public highways for the periods provided in Section 6—208.1. Reinstatement after the suspension period shall occur after all appropriate fees have been paid, unless the court notifies the Secretary of State that the person should be disqualified." 625 ILCS 5/1—203.1 (West 1996). This section makes clear that the suspension is not automatically rescinded upon the termination of the suspension period. We conclude that this language is clear and unambiguous: until the reinstatement fees have been paid, the suspension remains in effect.

■ We disagree with the *Garbo* court's conclusion that the legislature did not intend to change the law following the decision in *Johnson* because the legislature did not amend section 6—209 of the Code (625 ILCS 5/6—209 (West 1996)). "A judicial interpretation of a statute is considered part of the statute itself until the legislature amends it contrary to that interpretation." *Woodard*, 175 Ill. 2d at 444. When a statute is enacted after a judicial decision, it must be presumed that the legislature was aware of the prevailing case law. *Fink v. Ryan*, 174 Ill. 2d 302, 308 (1996). Moreover, it is presumed that the legislature intended to change the law when it made material changes to a statute. *Board of Trustees v. Department of Human Rights*, 159 Ill. 2d 206, 213 (1994).

■ The legislative amendments here are substantial and added entirely new sections. Moreover, *Johnson*'s construction of section 6—209 is consistent with the new enactments in that *Johnson* stated that, under section 6—209, the holder of a revoked license must pay a reinstatement fee before the revoked license will be reinstated. See *Johnson*, 115 Ill. App. 3d at 989. Thus, there was no need for the legislature to amend that section. We therefore find *Johnson* distinguishable, and we decline to follow *Garbo*.

Finally, we believe that our interpretation comports with the legislative intent. If the suspension terminated automatically on a particular date, there would be no incentive for the license holder to pay the reinstatement fee. Moreover, if the suspension terminated automatically, that would render null the statutory language providing for the court's power to notify the Secretary of State that the person should be disqualified from reinstatement. See 625 ILCS 5/1—203.1 (West 1996).

Because we conclude that a summary suspension does not

terminate until the license holder pays the reinstatement fee, defendant's license was still suspended on the date he was arrested. Therefore, the evidence was sufficient to support his conviction of driving while his license was suspended.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and DOYLE, JJ., concur.