(Nos. 84915, 84916 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. SIMON MARTINEZ, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. TOMAS SALAZAR, Appellant.

*Opinion filed December 17, 1998.*

G. Joseph Weller, Deputy Defender, and Kathleen J. Hamill, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellants.

James E. Ryan, Attorney General, of Springfield (Barbara A. Preiner, Solicitor General, and William L. Browers and Courtney D. Carter, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE NICKELS delivered the opinion of the court:

In these consolidated appeals, we address the issue of whether the period of a summary suspension under Illinois Vehicle Code (Code) section 11—501.1 (625 ILCS 5/11—501.1 (West 1996)) continues until the holder of the suspended license pays the required reinstatement fees. After separate stipulated bench trials, the circuit court of Du Page County found that the period of summary suspension does not end until the license holder pays the reinstatement fees and found each defendant guilty of driving while his license was suspended under section 6—303 of the Code (625 ILCS 5/6—303 (West 1996)). Both judgments were affirmed by the appellate court. *Martinez*, 294 Ill. App. 3d 419; *Salazar*, No. 2—96—0733 (unpublished order under Supreme Court Rule 23). We granted defendants' petition for leave to appeal. 166 Ill. 2d R. 315. We affirm.

## BACKGROUND

Defendant Simon Martinez's privileges to operate a motor vehicle were summarily suspended for three months pursuant to section 11—501.1 of the Code on August 17, 1995. 625 ILCS 5/11—501.1 (West 1996). The "Confirmation of Statutory Summary Suspension" issued by the Secretary of State listed a provisional reinstatement date of November 17, 1995. Similarly, on May 13, 1993, defendant Tomas Salazar's license was suspended for six months pursuant to section 11—501.1 of the Code. Salazar's provisional reinstatement date was November 13, 1993. Neither defendant paid the $60 reinstatement fee required by section 6—118 of the Code. On January 8, 1996, and April 12, 1995, respectively, Martinez and Salazar (collectively defendants) were each issued citations for driving with a suspended driver's license. 625 ILCS 5/6—303(a) (West 1996).

After a stipulated bench trial, Martinez was found

guilty of driving while his driver's license was suspended, fined $150 and given one year of court supervision. Salazar was also convicted, fined $100 and received one year of conditional discharge. Defendants challenged their convictions in the appellate court arguing that their licenses were not suspended. Defendants contended that although neither of them had paid the reinstatement fee, the period of suspension automatically terminated at the provisional reinstatement date. The appellate court affirmed, finding that a summary suspension under section 11—501.1 continues until the license holder pays the reinstatement fee.

## ANALYSIS

The sole issue presented by this case is whether a summary suspension under section 11—501.1 of the Code automatically terminates at the provisional reinstatement date or whether the suspension continues until the holder of the suspended license pays the reinstatement fees. Since the issue is one of statutory construction, our review is *de novo*. *People v. Robinson*, 172 Ill. 2d 452, 457 (1996). "It is well settled that the court's role in interpreting statutes is to give effect to the intention of the legislature and that the language of the statute is the starting point of the court's analysis. [Citation.] Where the language of the statute is clear, it will be given effect without resort to other tools of construction. [Citation.] A court should not depart from the language of the statute by reading into it exceptions, limitations or conditions that conflict with the intent of the legislature. [Citation.]" *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 350-51 (1998). A court must consider all of the parts of the statute together. *People v. Warren*, 173 Ill. 2d 348, 357 (1996).

A person is guilty of driving with a suspended driver's license if he "drives *** a motor vehicle on any highway of this State at a time when such person's driver's license

\*\*\* is \*\*\* suspended." 625 ILCS 5/6—303(a) (West 1996). Defendants stipulate that each of them was driving a motor vehicle on a highway of this state. However, defendants contend that neither was guilty of driving with a suspended license because the periods of their suspensions had terminated automatically at their respective provisional reinstatement dates.

Section 1—203.1 of the Code defines a statutory summary alcohol- or other drug-related suspension of driver's privileges as the "withdrawal by the circuit court of a person's license or privilege to operate a motor vehicle \*\*\* for the periods provided in Section 6—208.1." 625 ILCS 5/1—203.1 (West 1996). Section 1—203.1 further states "[r]einstatement after the suspension period shall occur *after all appropriate fees have been paid.*" (Emphasis added.) 625 ILCS 5/1—203.1 (West 1996). When section 1—203.1 is read in conjunction with section 6—208.1, the legislative intent is clear. Section 6—208.1(c) reads, "Full driving privileges may not be restored until all applicable reinstatement fees \*\*\* have been paid to the Secretary of State." 625 ILCS 5/6—208.1(c) (West 1996). We find that the legislature intended that payment of the fees is a prerequisite to the reinstatement of driving privileges. Therefore, the period of statutory summary suspension continues until the fee is paid.

In challenging this interpretation, defendants rely on *People v. Johnson*, 115 Ill. App. 3d 987 (1983), and *People v. Garbo*, 288 Ill. App. 3d 519 (1997). In *Johnson*, the court found that because the Code defines a suspension as a temporary sanction, the legislature did not intend for a failure to pay the reinstatement fee to extend the suspension period. Relying on *Johnson*, the *Garbo* court found that the statutory summary suspension terminated automatically and that the payment of the reinstatement fee was not a prerequisite for reinstatement. *Garbo*, 288

Ill. App. 3d at 522-23. We reject the reasoning of *Garbo*. The *Garbo* court's reliance on *Johnson* is misplaced. *Johnson* was decided prior to the enactment of sections 6—208.1 (period of statutory summary alcohol- or other drug-related suspension) and 1—203.1 (definition of statutory summary alcohol- or other drug-related suspension), the statutory sections at issue in both *Garbo* and the case at bar.

## CONCLUSION

For the foregoing reasons, we find that the period of statutory summary suspension continues until the reinstatement fee is paid. Accordingly, we affirm the judgments of the appellate court, which affirmed both defendants' convictions for driving with suspended drivers' licenses.

*Appellate court judgments affirmed.*