# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Davis*, 2013 IL App (4th) 110785

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ELLIOTT H. DAVIS, JR., Defendant-Appellant. |
| District & No. | Fourth District<br>Docket Nos. 4-11-0785, 4-11-0786, 4-11-0787 cons. |
| Filed | May 31, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | When defendant is charged with a felony and commits a separate felony or multiple felonies while on pretrial release, section 5-8-4(h) of the Unified Code of Corrections does not require that the sentences imposed on defendant for the felony or felonies committed while on pretrial release be served consecutively to each other and with the felony for which he was on pretrial release; rather, it requires that the sentences for the felony or felonies committed while defendant was on pretrial release be served consecutively with the felony for which he was on pretrial release. |
| Decision Under Review | Appeal from the Circuit Court of McLean County, Nos. 06-CF-1264, 07-CF-13, 06-CF-364; the Hon. Scott Drazewski, Judge, presiding. |
| Judgment | No. 4-11-0785, Affirmed.<br>No. 4-11-0786, Affirmed.<br>No. 4-11-0787, Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, of State Appellate Defender's Office, of Springfield, and Rita M. Anderson, John H. Gleason, and Johannah B. Weber, all of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Jason Chambers, State's Attorney, of Bloomington (Patrick Delfino, Robert J. Biderman, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court, with opinion.

Justices Knecht and Holder White concurred in the judgment and opinion.

## OPINION

¶ 1     In this consolidated appeal, we (1) accept the motion to withdraw of the office of the State Appellate Defender (OSAD) and affirm the trial court's judgment in McLean County case No. 06-CF-364 (this court's case No. 4-11-0787) and (2) affirm the trial court's denial of the defendant's petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)) in McLean County case Nos. 06-CF-1264 and 07-CF-13 (Nos. 4-11-0785 and 4-11-0786, respectively). Our affirmances are based upon our conclusion that section 5-8-4(h) of the Unified Code of Corrections (730 ILCS 5/5-8-4(h) (West 2006)) mandates only that when a person charged with a felony commits a separate felony while on pretrial release, the sentences imposed when he is convicted of that felony (or multiple felonies) must be served consecutively to the felony for which he was on pretrial release.

¶ 2                                    I. BACKGROUND
¶ 3                         A. Defendant's Underlying Convictions
¶ 4     In April 2006, the State charged defendant, Elliott H. Davis, with three counts of aggravated battery (720 ILCS 5/12-4(a), (b)(8) (West 2006)) in McLean County case No. 06-CF-364 (this court's case No. 4-11-0787). The trial court later released defendant on bond. In December 2006–while defendant was still released on bond–the State charged defendant with armed robbery (720 ILCS 5/18-2(a) (West 2006)), home invasion (720 ILCS 5/12-11(a)(2) (West 2006)), and possession of a firearm by a felon (720 ILCS 5/24-1.1(a) (West 2006)) in McLean County case No. 06-CF-1264 (this court's case No. 4-11-0785) for conduct defendant allegedly engaged in on December 21, 2006. One month later, in January

2007–while defendant was in custody for the December 21, 2006, crimes he allegedly committed–the State charged defendant with three counts of unlawful delivery of cannabis (720 ILCS 550/5(d) (West 2006)) in McLean County case No. 07-CF-13 (this court's case No. 4-11-0786), for conduct defendant allegedly engaged in while on bond in case No. 06-CF-364.

¶ 5 In March 2007, a jury convicted defendant of two counts of aggravated battery in the original case (case No. 06-CF-364). In April 2007, the trial court sentenced defendant to seven years in prison on that conviction.

¶ 6 In November 2007, defendant pleaded guilty to three counts of unlawful delivery of cannabis in case No. 07-CF-13 in exchange for the State's offer to request a six-year sentence, which would run consecutively to his seven-year sentence for aggravated battery in case No. 06-CF-364. The trial court later sentenced defendant in accordance with his plea agreement.

¶ 7 One month later, in December 2007, defendant pleaded guilty to home invasion in case No. 06-CF-1264 in exchange for (1) the State's offer to dismiss the armed-robbery and possession-of-a-firearm-by-a-felon charges and (2) a 22 1/2-year sentencing cap, with that sentence to "run concurrent[ly] to any sentence imposed in *** case No. 07CF13 [(the unlawful-delivery-of-cannabis case)] but run consecutive[ly] to any sentence imposed in 06CF364 [(the original aggravated-battery case)]." In January 2008, the trial court sentenced defendant to 16 years in prison pursuant to that plea agreement.

¶ 8 In November 2008, this court affirmed defendant's conviction and sentence in case No. 06-CF-364 (*People v. Davis*, No. 4-07-0484 (Nov. 20, 2008) (unpublished order under Supreme Court Rule 23)). In July 2009, this court affirmed defendant's conviction and sentence in case No. 07-CF-1264 (*People v. Davis*, No. 4-08-0565 (July 9, 2009) (unpublished order under Supreme Court Rule 23)). Defendant did not appeal his conviction and sentence in case No. 06-CF-13.

¶ 9       B. Defendant's Section 2-1401 Petition

¶ 10 In April 2011, defendant *pro se* filed a petition for relief from judgment under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2010)), indicating in the petition's heading that the petition was being filed in case Nos. 06-CF-364, 06-CF-1264, and 07-CF-13. Defendant asserted in the petition that (1) he committed the offenses in case Nos. 06-CF-1264 and 07-CF-13 while he was on bond in case No. 06-CF-364 and (2) the trial court failed to admonish him before he entered his guilty pleas in those two cases that he was subject to consecutive sentencing pursuant to section 5-8-4(h) of the Unified Code (730 ILCS 5/5-8-4(h) (West 2006)), as required by Illinois Supreme Court Rule 402(a) (eff. July 1, 1997). Defendant further asserted that as a result, his sentences in those cases were void and he should be permitted to withdraw his pleas.

¶ 11 In June 2011, the State filed a motion to dismiss defendant's section 2-1401 petition, contending that (1) the facts included in the petition were contradicted by the record, which showed that defendant was admonished that his sentences in the two subsequent cases would be consecutive to his sentence in case No. 06-CF-364, (2) defendant's claims were *res*

*judicata*, and (3) defendant's petition was untimely. Defendant did not respond to the State's motion.

¶ 12    In August 2011, the trial court conducted a hearing on the State's motion to dismiss. Appearing *pro se*, defendant responded to the State's contentions, in pertinent part, as follows:

"THE DEFENDANT: The bottom line is, is in my opinion and by the law, 07-CF-13 and 06-CF-1264, by the cases, *** by the law, the cases that I caught and by me being out on bond, the plea agreement *** can't be made the way it was because all of my time, the way I was given my time, it just can't happen. The drug case shouldn't run concurrent with anything, so since the time that was give to me [is] wrong, that violates the plea agreement.

THE COURT: Are you saying all of your time should be consecutive to one another?

THE DEFENDANT: Yeah, by my understanding of the law, that's what it is. By me out on bond [*sic*] for aggravated battery, great bodily harm, then I caught a Class X, which was home invasion, and then drug case [*sic*] was brought up in '07, all of my cases was supposed to be ran consecutive, not concurrent to or with anything.

THE COURT: Do you understand that–I'm not trying to give you a hard time[–]do you understand the difference between concurrent and consecutive? Because if you're arguing that your sentences should be consecutive to one another, that would add on several years to your existing sentence?

THE DEFENDANT: I understand what you're saying, but the thing is this. The plea agreement is the plea agreement, and if, by law, it's not supposed to take place, it's not supposed to take place.

THE COURT: All right. Go ahead and continue.

THE DEFENDANT: So with me withdrawing my guilty plea, that would allow everything to be–that would allow everything to be done correctly if in fact that's what takes place."

¶ 13    Following the parties' arguments, the trial court granted the State's motion to dismiss defendant's section 2-1401 petition. The court found that (1) defendant's petition was untimely, given that it had been filed beyond the two-year limitations period under section 2-1401 of the Code, and (2) the State's *res judicata* argument was meritless. As to defendant's contentions related to improper admonishments, the court found as follows:

"One [case resulted in] a fully negotiated plea agreement [(case No. 07-CF-13)], another went to trial [(case No. 06-CF-364)], and then one was a partially negotiated agreement [(case No. 06-CF-1264)], and what he's saying is that the sentences that were imposed were void because he got less than what he deserved. That would be the first time that this argument has ever been raised before me. ***

The reality is that based upon what's contained within the petition, that being that the defendant or the petitioner, that he was not properly admonished by the court as it relates to the specific sentences that were imposed, that the court record belies those statements. More specifically, in the plea agreement, which was in [case No.] 06-CF-1264 ***,

-4-

which bears the defendant's signature, there is a specific provision that indicates *** that maximum time that would be imposed would be 22.5 years in the Department of Corrections, said to be consecutive to [c]ase No. 06-CF-364, but concurrent to [c]ase No. 07-CF-13. In essence, that was part and parcel of what the [defendant] specifically negotiated as part of the plea agreement.

Further, in looking at the plea hearing that was held in 06-CF-1264, the court finds that the defendant twice was requested during the plea hearing if he understood that any sentence to be imposed by the court would not be less than six years nor more than 22.5, but it would be concurrent to 07-CF-13 and consecutive to 06-CF-364. Both times the [defendant] answered yes.

And, so, under contract principles as well, *** the [defendant] got the benefit of his bargain, but, nonetheless, the allegation contained within the petition would, again, clearly state or clearly show that there is no cause of action on its face because the transcript of the proceedings, along with the plea agreement, directly refute what the [defendant] now asserts."

¶ 14    The defendant appealed in all three cases separately (this court's case Nos. 4-11-0785, 4-11-0786, 4-11-0787). This court later consolidated those appeals. We first address this court's case No. 4-11-0787 (trial court case No. 06-CF-364) individually because OSAD has moved to withdraw from that case pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), given that no arguable basis for collateral attack exists in that case.

¶ 15                            II. CASE NO. 4-11-0787

¶ 16    This appeal comes to us on the motion of OSAD to withdraw as counsel on appeal on the ground that no meritorious issues can be raised in this case. For the reasons that follow, we agree and affirm.

¶ 17    As previously stated, a jury convicted defendant of two counts of aggravated battery in case No. 06-CF-364. The trial court later sentenced defendant to seven years in prison on that conviction.

¶ 18    In April 2011, defendant *pro se* filed a petition for relief from judgment under section 2-1401 of the Code, indicating in the petition's heading that the petition was being filed in case Nos. 06-CF-364, 06-CF-1264, and 07-CF-13. Defendant argued in the petition that he committed the offenses in case Nos. 06-CF-1264 and 07-CF-13 while he was on bond in case No. 06-CF-364, and the trial court failed to admonish him when he entered his pleas in those two cases that he was subject to consecutive sentencing in those cases (730 ILCS 5/5-8-4(h) (West 2006)), as required by Illinois Supreme Court Rule 402(a) (eff. July 1, 1997). Defendant continued that as a result, his sentences in those cases were void and he should be permitted to withdraw his pleas. The court later dismissed defendant's petition.

¶ 19    Defendant appealed, and the trial court appointed OSAD to represent him. In December 2012, OSAD moved to withdraw, attaching to its motion a brief in conformity with the requirements of *Finley*, 481 U.S. 551. On its own motion, this court granted defendant leave to file additional points and authorities by January 4, 2013. Defendant has failed to do so. After examining the record and executing our duties in accordance with *Finley*, we grant

-5-

OSAD's motion and affirm the court's judgment.

¶ 20    OSAD explains that no colorable argument can be made that the trial court erred by denying defendant's section 2-1401 petition because section 5-8-4(h) of the Unified Code (730 ILCS 5/5-8-4(h) (West 2006))–which requires that a person who commits a felony while on pretrial release must have his felonies ordered to be served consecutively–does not apply, given that this case–case No. 06-CF-364–would be the predicate felony under that statute. Thus, no colorable claim can be made that the trial court erred by dismissing his section 2-1401 petition as to case No. 06-CF-364. Our review of the record reveals that OSAD is correct.

¶ 21    Accordingly, we grant OSAD's motion to withdraw and affirm the trial court's judgment as to case No. 06-CF-364 (this court's case No. 4-11-0787). Having concluded that no colorable claim can be made in case No. 4-11-0787, we turn to case Nos. 4-11-0785 and 4-11-0786.


¶ 22                    III. CASE NOS. 4-11-0785 AND 4-11-0786

¶ 23    Defendant argues that the trial court erred by denying his section 2-1401 petition because his sentences in case Nos. 07-CF-13 and 06-CF-1264 are void and, therefore, the plea agreements in those cases are invalid. Specifically, defendant contends that the three sentences imposed in case No. 07-CF-13 and the single sentence in case No. 06-CF-1264 were not in compliance with section 5-8-4(h) of the Unified Code. Defendant posits that his sentences in case No. 07-CF-13 had to be served consecutively to one another, and that his sentence in case No. 06-CF-1264 had to be served consecutively to those three sentences. The State responds that because the felonies committed in case Nos. 07-CF-13 and 06-CF-1264 were committed while on pretrial release for the felony in No. 06-CF-364, section 5-8-4(h) of the Unified Code merely requires that those felonies had to be served consecutively to that predicate felony in No. 06-CF-364. We agree with the State.


¶ 24            A. Section 5-8-4(h) of the Unified Code and the Standard of Review

¶ 25    Section 5-8-4(h) of the Unified Code states, in pertinent part, as follows:

    "If a person charged with a felony commits a separate felony while on pre-trial release ***, the sentences imposed upon conviction of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered." 730 ILCS 5/5-8-4(h) (West 2006).

¶ 26    Although this court reviews the trial court's dismissal of a section 2-1401 petition for an abuse of discretion when it involves evidentiary hearings (*People v. Lee*, 2012 IL App (4th) 110403, ¶ 15, 979 N.E.2d 992), when our analysis involves statutory interpretation, we proceed *de novo* (*People v. Davis*, 2012 IL App (4th) 110305, ¶ 12, 966 N.E.2d 570). Because this case requires us to interpret section 5-8-4(h) of the Unified Code, our review is *de novo*.

¶ 27                    B. The Principles of Statutory Construction

¶ 28        The Supreme Court of Illinois has recently reiterated the principles of statutory construction, writing in *People v. Giraud*, 2012 IL 113116, ¶ 6, 980 N.E.2d 1107, as follows:

> " 'The principles guiding our analysis are well established. Our primary objective is to ascertain and give effect to legislative intent, the surest and most reliable indicator of which is the statutory language itself, given its plain and ordinary meaning. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 479[, 639 N.E.2d 1282] (1994). In determining the plain meaning of statutory terms, we consider the statute in its entirety, keeping in mind the subject it addresses and the apparent intent of the legislature in enacting it. *People v. Davis*, 199 Ill. 2d 130, 135[, 766 N.E.2d 641] (2002). Where the language of the statute is clear and unambiguous, we must apply it as written, without resort to extrinsic aids to statutory construction. *People v. Collins*, 214 Ill. 2d 206, 214[, 824 N.E.2d 262] (2005).
>
> If the language is ambiguous, making construction of the language necessary, we construe the statute so that no part of it is rendered meaningless or superfluous. *People v. Jones*, 214 Ill. 2d 187, 193[, 824 N.E.2d 239] (2005). We do not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the expressed intent. *People v. Martinez*, 184 Ill. 2d 547, 550[, 705 N.E.2d 65] (1998). The traditional canons or maxims of statutory construction are not rules of law, but rather are "merely aids in determining legislative intent and must yield to such intent." *In re Application of the County Treasurer*, 214 Ill. 2d 253, 259[, 824 N.E.2d 614] (2005).' *People v. Perry*, 224 Ill. 2d 312, 323-24[, 864 N.E.2d 196] (2007)."

¶ 29        With these principles in mind, we turn to section 5-8-4(h) and its applicability to the felonies in these cases.


¶ 30               C. Section 5-8-4(h) of the Unified Code and These Cases

¶ 31        In these cases, defendant interprets section 5-8-4(h) of the Unified Code to require all of his sentences to be served consecutively to one another, not just consecutively to case No. 06-CF-364–the felony for which he was on pretrial release. Put another way, defendant views section 5-8-4(h) as if it states that any person charged with a felony who commits one or more separate felonies while on pretrial release must receive a consecutive sentence on each of those felonies upon conviction. Section 5-8-4(h), however, does not so state.

¶ 32        Our reading of section 5-8-4(h) of the Unified Code reveals that its mandate is as follows: When a person charged with a felony commits a separate felony while on pretrial release, the sentences imposed when he is convicted of that felony (or multiple felonies) must be served consecutively to the felony for which he was on pretrial release. That is precisely what happened in these cases–namely, defendant's sentences in case Nos. 06-CF-1264 and 07-CF-13 were ordered to be served consecutively to the underlying felony in case No. 06-CF-364, the felony for which defendant was on pretrial release. Section 5-8-4(h) of the Unified Code does not require that consecutive sentences be imposed regarding each of the later-committed felonies after sentence is imposed on the first of those felonies. This is essentially defendant's contention, which we reject.

¶ 33    To clarify our holding, we add the following. Assume a defendant is charged with felony A and is released after posting bond. Thereafter, while still on bond on felony A, he is charged with committing felony B and felony C. When he is later convicted of these felonies, section 5-8-4(h) of the Unified Code requires that any sentences imposed regarding felony B and felony C must be consecutive to felony A. However, that section does not require that any sentence imposed regarding felony B and felony C must be consecutive to each other in this scenario. Nevertheless, we note that in a different scenario, for example, where the defendant is released after posting bond for felony B and later commits felony C, section 5-8-4(h) of the Unified Code requires that any sentence imposed regarding felony C must be consecutive to felony B.

¶ 34                                    IV. CONCLUSION

¶ 35    For the reasons stated, we affirm the trial court's judgment in all three cases. As part of our judgment, we award the state its $50 statutory assessment against defendant as costs of this appeal.

¶ 36    No. 4-11-0785, Affirmed.

¶ 37    No. 4-11-0786, Affirmed.

¶ 38    No. 4-11-0787, Affirmed.