THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK FRANCISKOVICH, Defendant-Appellant.

Second District No. 2—89—0740

Opinion filed August 31, 1990.

Bruce A. Brennan, of Kalinich, McCluskey, Sullivan & Boylan, P.C., of Glen Ellyn, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:
The defendant, Mark Franciskovich, was charged with the offense of driving while under the influence of alcohol (DUI) in violation of section 11—501(d)(3) of the Illinois Vehicle Code (the Code) (Ill. Rev.

Stat. 1987, ch. 95½, par. 11—501(d)(3)). He was convicted following a stipulated bench trial. On appeal, he contends that the trial court erred in admitting the results of his breath-alcohol test into evidence, because he did not voluntarily consent to the test.

In July 1988 the defendant was driving a truck which struck a pedestrian. The police administered field sobriety tests and took the defendant to the Du Page County jail. During the trip to the jail, the officer told the defendant that he had to take the breath-alcohol test and suggested that the defendant would probably pass the test. At the jail, the officer read the defendant the Code section 11—501.1 implied consent "Warnings to Motorists" (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(c)). The defendant took the test, and his breath-alcohol concentration result was .15%, showing presumed intoxication (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.2(b)(3)).

Prior to trial, the defendant filed a motion to quash his arrest and to suppress the results of the test, as well as the statements he made to the police. The court initially granted the motion to suppress the test results, finding that the test was not taken voluntarily. On the State's motion to reconsider, however, the court reversed its ruling and denied the motion to suppress in its entirety. The defendant brought this appeal.

The defendant contends on appeal that the results of the test should not have been admitted into evidence because his consent was not voluntary. We find that he relies on inapplicable language of section 11—501.1 and on a misinterpretation of our decision in *People v. Kissel* (1986), 150 Ill. App. 3d 283, and we affirm.

*Kissel* was the State's appeal. There, the court upheld the trial court's decision to suppress evidence against the three defendants, who had been arrested individually for DUI on private property. Two of the defendants had refused to take a breathalyzer; one had taken the test and shown a legal level of intoxication. The court found that the implied-consent statute (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(a)) established an implied consent to chemical testing only when there was a nexus between driving upon a public highway and a statutory demand for testing. 150 Ill. App. 3d at 285.

Despite its findings on implied consent, the *Kissel* court did not fully affirm. Rather, pursuant to the State's request it remanded the cause for, among other things, an evidentiary hearing as to the voluntariness of the consent given by the one defendant who had submitted to testing. In so doing, the court implied that that defendant's test results would not be admissible if his consent to testing was involuntary. It did not, however, contrary to the defendant's assertion, hold

"that absent implied or voluntary consent, evidence obtained from the breathalyzer test is inadmissible."

In *People v. Brown* (1988), 175 Ill. App. 3d 725, we reconsidered *Kissel* in light of statutory change. In *Brown*, the police read the defendant the implied consent "Warnings to Motorists" but also explained that the warnings did not apply to him because his alleged offense had occurred on private property. Defendant *Brown* submitted to chemical breath analysis but argued on appeal that he had not given voluntary consent to the breath analysis because the police warnings had confused him.

■ This court in *Brown* held that voluntary consent was not a prerequisite to the admissibility of breathalyzer results in a DUI prosecution. That holding referred to the decision in *Village of Algonquin v. Ford* (1986), 145 Ill. App. 3d 19, 21. The court also specifically overruled its decision in *Kissel* to the extent that that holding conflicted with *Ford*'s ruling that consent was not necessary for test-result admissibility in a DUI prosecution. *Brown*, 175 Ill. App. 3d at 728.

■ Section 11—501.1, from which the defendant infers a legislative intent to allow an accused the option to refuse chemical-intoxication testing, is the basis for the defendant's argument. Section 11—501.1 provides that a driver who is requested to submit to chemical-intoxication testing must be warned of the consequences of refusing to submit. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(c).) In part, the defendant asserts that *Brown* must not be read to judicially remove that statutory option to refuse. We find that the defendant's argument improperly relies on section 11—501.1.

In *People v. Giere* (1989), 192 Ill. App. 3d 520, 524-25, we held that section 11—501.1 did not require the defendant's consent to taking a blood sample for intoxication testing. There, the defendant had refused testing, but the police caused a nurse to draw an involuntary blood sample. In *Giere*, we did not rely on section 11—501.1, and we commented that that section governs only the implied consent to test a DUI arrestee and the statutory summary driver's license suspension, which may result from failure to both submit to testing and show a result of less than .10% blood-alcohol content. *Giere*, 192 Ill. App. 3d at 525.

■ Here, as in *Giere*, summary suspension was not at issue and section 11—501.1 thus was not involved. (*Giere*, 192 Ill. App. 3d at 525.) The defendant's arguments are based upon statutory language which does not apply in this DUI prosecution.

The defendant urges that we should distinguish *Brown* because

defendant Brown was arrested on private property and thus was offered a real option not to submit to chemical testing. Despite the alleged police conduct here, we find no reason to depart from our decision in *Brown*. Any lack of consent was no basis to prohibit admission of the defendant's blood-alcohol test results. *Brown*, 175 Ill. App. 3d at 726-28.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS and WOODWARD, JJ., concur.